UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARK BAUERSACHS and MARCIELI BAUERSACHS, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | |
| JUSTICE GREGORY I. MASSING, MASSACHUSETTS APPEALS COURT; JUSTICE JOHN C. ENGLANDER, MASSACHUSETTS APPEALS COURT; and JUSTICE ERIC NEYMAN, MASSACHUSETTS APPEALS COURT, | * * * * * * * | Civil Action No. 19-cv-10295-ADB |
| Defendants. | * | |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

BURROUGHS, D.J.

Mark and Marcieli Bauersachs ("Plaintiffs") assert various claims under 42 U.S.C. § 1983 for alleged violations of their due process rights by Associate Justices of the Massachusetts Appeals Court Gregory I. Massing, John C. Englander, and Eric Neyman ("Defendants"). [ECF No. 1 ("Complaint" or "Compl.")]. Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the Court lacks jurisdiction to hear the claims under the Rooker-Feldman doctrine and that any claims for damages are barred by the Eleventh Amendment to the U.S. Constitution. [ECF No. 11]. For the reasons set forth below, Defendants' motion to dismiss [ECF No. 11] is GRANTED.

I.   **BACKGROUND**

The following facts are drawn from the Complaint, which the Court construes liberally, "treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the

plaintiff."[1]  Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).  As it may on a motion to dismiss under Rule 12(b)(1), the Court has also considered documents outside the pleadings, such as exhibits and affidavits attached to the motion to dismiss, Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002), and takes judicial notice of the relevant state court proceedings.[2]

Plaintiffs were defendants in two no-fault summary process eviction actions that were consolidated and resolved through a jury trial held in the Salem session of the Massachusetts Housing Court ("Housing Court") on October 23, 2017.  [Compl. ¶ 1].  On October 24, 2017, the Housing Court entered judgment against Plaintiffs.  [Id. ¶ 2].  Plaintiffs filed post-trial motions on October 31, 2017 and filed a notice of appeal on November 2, 2017.  [ECF No. 12-1 at 3; Compl. ¶ 2].  The Housing Court denied Plaintiffs' post-trial motions on November 16, 2017.  [ECF No. 12-1 at 3].  On November 20, 2018, a panel of the Massachusetts Appeals Court ("Appeals Court"), dismissed the appeal without a hearing because "the tenants did not file a timely notice of appeal."  [Compl. ¶ 3; ECF No. 12-1 at 3].  Defendants were the Associates Justices who comprised that Appeals Court panel.  [Compl. ¶ 3].

Plaintiffs filed the instant Complaint on February 15, 2019 alleging that the dismissal of their appeal violated their constitutionally-guaranteed due process rights and seeking injunctive and declaratory relief.  See [Compl. ¶¶ 3, 7].  Defendants moved to dismiss the claims against them on April 11, 2019 after requesting and receiving an extension of time to answer or

---

[1] The Court also liberally construes the Complaint because Plaintiffs are proceeding *pro se*. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75 (1st Cir. 2014) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

[2] The Court takes judicial notice of the following Massachusetts Appeals Court dockets: 2016-P-0092 and 2018-P-0557.  The Court also takes judicial notice of the following: Memorandum and Order Pursuant to Rule 1:28, Curran v. Bauersachs, No. 2016-P-0092, 2017 WL 1969731 (Mass. App. Ct. May 12, 2017) and Curran v. Bauersachs, No. 18-P-0557, 2019 WL 441503 (table) (Mass. Jan. 24, 2019).

otherwise respond to the Complaint. [ECF Nos. 5, 7, 11]. Plaintiffs did not object to the extension but responded on March 29, 2019 by filing a counter-motion for a temporary restraining order ("TRO") requesting that the Court enjoin dismissal of the underlying appeal pending the outcome of this action. [ECF No. 9]. The Court denied as moot the request for a TRO on April 10, 2019 as the appeal had already been dismissed and the case already closed by the Appeals Court.[3] [ECF No. 10]. On April 25, 2019, Plaintiffs opposed the motion to dismiss. [ECF No. 13].

## II. DISCUSSION

### A. Legal Standard

"When considering a motion to dismiss under subsection 12(b)(1) of the Federal Rules of Civil Procedure, the Court should apply a standard of review 'similar to that accorded a dismissal for failure to state a claim' under subsection 12(b)(6)." Rodriguez v. Mass. Parole Bd., No. 16-cv-11113-ADB, 2017 WL 706597, at *2 (D. Mass. Feb. 22, 2017) (citing Menge v. N. Am. Specialty Ins. Co., 905 F. Supp. 2d 414, 416 (D.R.I. 2012)). A motion to dismiss under Rule 12(b)(1) "is appropriate only when the facts adumbrated in the plaintiff's complaint, taken at face value, fail to bring the case within the court's subject-matter jurisdiction." Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). Where subject-matter jurisdiction is challenged, the plaintiff bears the burden of proving jurisdiction. Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007).

---

[3] The March 29, 2019 request for a TRO mirrored relief requested in the Complaint. See [Compl. § IV]. To the extent that the TRO sought in the Complaint is not subject to dismissal pursuant to the Rooker-Feldman doctrine, the Court denies the request as moot for the same reasons as stated on the docket on April 10, 2019. See [ECF No. 10 ("The underlying appeal has already been dismissed. . . . In addition, Bauersachs' petition for rehearing and for further appellate review have also been denied, and the Massachusetts Appeals Court has closed the action." (citations omitted))].

3

B.  **Discussion**

   1.   Rooker-Feldman Doctrine

Defendants have moved to dismiss the Complaint pursuant to Rule 12(b)(1) on the ground that the Court lacks jurisdiction to hear the claims under the Rooker-Feldman doctrine. [ECF No. 12 at 4–5]. Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction over "federal complaints . . . [that] essentially invite[] federal courts of first instance to review and reverse unfavorable state-court judgments." Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 20 (1st Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005)). "[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison v. Gov't of P.R.-P.R. Firefighters Corps., 471 F.3d 220, 223 (1st Cir. 2006).

The Rooker-Feldman doctrine "applies only when 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" Riley v. Decoulos (In re Am. Bridge Prods., Inc.), 599 F.3d 1, 4 (1st Cir. 2010) (quoting Exxon Mobil, 544 U.S. at 291). Application of the doctrine does not depend on what issues were actually litigated in the state court; rather, "it is enough that granting [plaintiff the relief] he seeks would effectively overturn the state court's decision." Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 33 (1st Cir. 2004).

"It is a condition precedent to the application of the Rooker-Feldman doctrine that, at the time the federal-court suit is commenced, the state-court proceedings have ended." Coggeshall v. Mass. Bd. of Reg. of Psychologists, 604 F.3d 658, 663–64 (1st Cir. 2010) (citing Federación

de Maestros de P.R., 410 F.3d at 24–29). The First Circuit has identified three situations in which state proceedings have ended for the purposes of the Rooker-Feldman doctrine:

> First, when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, then without a doubt the state proceedings have "ended." . . . . Second, if the state action has reached a point where neither party seeks further action, then the state proceedings have also "ended." . . . . Third, if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated, then the state proceedings have "ended" within the meaning of Rooker-Feldman on the federal questions at issue.

Federación de Maestros de P.R., 410 F.3d at 24–25.

Defendants contend that the Court lacks subject-matter jurisdiction over this action under the Rooker-Feldman doctrine because the "requested relief . . . would require that this Court reverse the Appeals Court decision." [ECF No. 12 at 5]. Plaintiffs respond that "[a]ny claim by the [Defendants] that the underlying case is over, final and/or terminated is a new matter outside of the four corners of the complaint," that the Rooker-Feldman doctrine does not apply because Defendants "entered no judgment in the underlying appeal," and that the case does not "involve[] federal review of a state court's judicial discretion in deciding the underlying case on the merits." [ECF No. 13 at 3, 5].

The Court agrees with Defendants that the Rooker-Feldman doctrine bars Plaintiffs' claims seeking (i) injunctive relief against the Appeals Court's order dismissing the appeal, (ii) a determination that Plaintiffs filed a timely notice of appeal from the Housing Court judgment, and (iii) reinstatement of their appeal in the Appeals Court. See [Compl. § IV; ECF No. 12 at 5]. First, Plaintiffs filed the instant Complaint in federal court after the proceedings at the Appeals Court ended and were not resolved in their favor. See [Compl.; ECF No. 12-1 at 3]. Contrary to Plaintiffs' assertions regarding the "four corners of the complaint," the Court may take judicial notice of the proceedings at the Appeals Court while applying the motion to dismiss standard.

5

See supra note 2. The Appeals Court docket reflects that the appeal was dismissed on November 20, 2018 and that the Supreme Judicial Court denied further appellate review on January 24, 2019. [ECF No. 12-1 at 4]. Because "the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved," the state proceedings have ended. See Federación de Maestros de P.R., 410 F.3d at 24.

Second, the Complaint alleges harm to Plaintiffs caused by the Appeals Court judgment, including forfeiture of $10,200 in court-ordered Use and Occupancy payments, "the indignity of being judged to have violated the landlord's right to possession of a property," and court-ordered payment of $200 in court costs to the landlords. [Compl. ¶¶ 6–7]. Granting Plaintiffs their requested relief would require this Court to "effectively overturn the state court's decision" dismissing the underlying appeal. See Maymó-Mélendez, 364 F.3d at 33. Accordingly, because the Court lacks jurisdiction to adjudicate claims that seek to revisit the Appeals Court decision, Plaintiffs' claims will be dismissed.[4]

2. Request for Leave to Amend the Complaint

As an alternative to dismissal, Plaintiffs request that the Court grant them leave to amend the Complaint. [ECF No. 13 at 6–7]. Rule 15(a) provides that leave to amend generally should be "freely give[n] . . . when justice so requires." See Fed. R. Civ. P. 15(a); see also Foman v. Davis, 371 U.S. 178, 182 (1962). "[E]ven so, [a] district court enjoys significant latitude in deciding whether to grant leave to amend." ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008). "Reasons for denying leave include undue delay in filing the motion, bad

---

[4] Defendants also have moved to dismiss the Complaint under Rule 12(b)(1) as barred by the Eleventh Amendment to the extent it asserts a claim for monetary damages against Defendants. [ECF No. 12 at 6]. Plaintiffs deny that the Complaint seeks monetary damages. [ECF No. 13 at 3]. Accordingly, it is unnecessary for the Court to reach the question of Eleventh Amendment immunity.

6

faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (citing Foman, 371 U.S. at 182); United States ex rel. Rost v. Pfizer, Inc., 507 F.3d 720, 734–35 (1st Cir. 2007).  When considering whether an amendment would be futile, "the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).  For the reasons stated supra in Section II.B.1., Plaintiffs' claims cannot withstand the application of the Rooker-Feldman doctrine and any amendment would, therefore, be futile.  Plaintiffs' request for leave to amend the Complaint is denied.

## III. CONCLUSION

Accordingly, Defendants' motion to dismiss [ECF No. 11] is GRANTED.  The Complaint is dismissed with prejudice, and Plaintiffs' request for leave to amend the Complaint is DENIED.

**SO ORDERED.**

May 1, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE