UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK BAUERSACHS and MARCIELI BAUERSACHS, <br><br> Plaintiffs, <br><br> v. <br><br> JUSTICE GREGORY I. MASSING, MASSACHUSETTS APPEALS COURT; JUSTICE JOHN C. ENGLANDER, MASSACHUSETTS APPEALS COURT; and JUSTICE ERIC NEYMAN, MASSACHUSETTS APPEALS COURT, <br><br> Defendants. | Civil Action No. 19-cv-10295-ADB |

## MEMORANDUM AND ORDER ON PLAINTIFFS' RULE 59(E) MOTION

BURROUGHS, D.J.

Mark and Marcieli Bauersachs ("Plaintiffs") brought claims under 42 U.S.C. § 1983 for alleged violations of their due process rights by Associate Justices of the Massachusetts Appeals Court Gregory I. Massing, John C. Englander, and Eric Neyman ("Defendants"). [ECF No. 1 ("Complaint" or "Compl.")]. On May 1, 2019, the Court dismissed the Complaint. [ECF No. 14]. Currently pending before the Court is Plaintiffs' motion to alter or amend the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e) and for leave to file an amended complaint ("Rule 59(e) Motion"). [ECF No. 17]. For the reasons set forth below, Plaintiffs' Rule 59(e) Motion [ECF No. 17] is <u>DENIED</u>.

## I.   BACKGROUND

The Court summarizes the pertinent facts as alleged in the Complaint.[1]  Plaintiffs were

---

[1] The Court liberally construes the *pro se* Plaintiffs' filings.  <u>Foley v. Wells Fargo Bank, N.A.</u>, 772 F.3d 63, 75 (1st Cir. 2014) (citing <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)).

defendants in two no-fault summary process eviction actions that were consolidated and resolved through a jury trial held in Massachusetts Housing Court ("Housing Court") on October 23, 2017. [Compl. ¶ 1]. On October 24, 2017, the Housing Court entered judgment against Plaintiffs. [Id. ¶ 2]. Plaintiffs filed post-trial motions on October 30, 2017 and filed a notice of appeal on November 2, 2017. [Id.; ECF No. 12-1 at 3]. On November 16, 2017, the Housing Court denied Plaintiffs' post-trial motions. [ECF No. 12-1 at 3]. On November 20, 2018, a panel of the Massachusetts Appeals Court ("Appeals Court"), dismissed the appeal without a hearing because "the tenants did not file a timely notice of appeal." [Compl. ¶ 3; ECF No. 12-1 at 3]. Defendants were the Associates Justices on the Appeals Court panel. [Compl. ¶ 3].

On February 15, 2019, Plaintiffs filed their Complaint alleging that the panel's dismissal of their appeal violated their due process rights and seeking injunctive and declaratory relief. See [id. ¶¶ 3, 7]. On April 11, 2019, Defendants moved to dismiss the Complaint, and Plaintiffs opposed dismissal on April 25, 2019. [ECF Nos. 11, 13]. On May 1, 2019, the Court granted the motion to dismiss. [ECF No. 14]. The Court found that it lacked jurisdiction under the Rooker-Feldman doctrine, which provides that "federal district courts lack jurisdiction over 'federal complaints . . . [that] essentially invite[] federal courts of first instance to review and reverse unfavorable state-court judgments.'" See Bauersachs v. Massing, No. 19-cv-10295-ADB, 2019 WL 1961077, at *2–3 (D. Mass. May 1, 2019). The Court did not reach the question of Eleventh Amendment immunity, which shields public officials from suits seeking money damages, because Plaintiffs denied that the Complaint sought money damages. Id. at *3 n.4. The Court denied leave to file an amended complaint because application of the Rooker-Feldman doctrine meant that any amendment to the Complaint would be futile. Id. at *3–4.

On May 10, 2019, Plaintiffs timely filed the instant Rule 59(e) Motion. [ECF No. 17]; see Fed. R. Civ. P. 59(e). On July 31, 2019, the Court ordered Defendants to respond to the pending motion, and on August 13, 2019, Defendants filed an opposition brief. [ECF Nos. 19, 20].

## II.  DISCUSSION

### A.  Legal Standard

Under Rule 59(e), "relief is granted sparingly, and only when 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'" Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)). For instance, "a motion for reconsideration should be granted if the court 'has patently misunderstood a party . . . or has made an error not of reasoning but apprehension.'" Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 82 (1st Cir. 2008) (quoting Sandoval Diaz v. Sandoval Orozco, No. 01-cv-01022, 2005 WL 1501672, at *2 (D.P.R. June 24, 2005)). In "rare" circumstances, district courts in this Circuit have recognized that a Rule 59(e) motion may be granted "to prevent manifest injustice." Trinidad v. City of Bos., No. 07-cv-11679-DPW, 2011 WL 915338, at *3 (D. Mass. Mar. 15, 2011) (quoting Rodriguez-García w. Miranda-Marín, 610 F.3d 736, 774 (1st Cir. 2010)). The situations in which courts allow reconsideration are "narrowly configured and seldom invoked," United States v. Connell, 6 F.3d 27, 31 (1st Cir. 1993), because reconsideration is "an extraordinary remedy which should be used sparingly," Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810 (2d ed. 1995)). Ultimately, "[t]he Court has 'substantial discretion and broad authority to grant or deny' a motion for reconsideration" made

pursuant to Rule 59(e). Provanzano v. Parker View Farm, Inc., 827 F. Supp. 2d 53, 57 (D. Mass. 2011) (quoting Ruiz Rivera, 521 F.3d at 81).

**B.  Discussion**

Plaintiffs first argue that there has been "an extraordinary development" meriting reconsideration because Rule 11 of the Massachusetts Uniform Rules of Summary Process was formally amended by the Supreme Judicial Court in its April 10, 2019 decision in Adjartey v. Central Division of the Housing Court Department, 120 N.E.3d 297, 323 (Mass. 2019). [ECF No. 18 at 3, 5–6]. Adjartey clarifies that Rule 11 "incorrectly states that the running of time for appeal in summary process actions is not affected by the filing of a motion under Rule 60" and observes that a tenant reading the commentary to Rule 11 could incorrectly believe that a Rule 60 motion would not affect the timeline for an appeal. 120 N.E.3d at 323 n.20 (internal quotation marks omitted). Defendants respond that a state court decision and commentary to the Uniform Rules of Summary Process is not "newly discovered evidence" under Rule 59(e). [ECF No. 20 at 2]. Defendants further assert that this "evidence" was available to Plaintiffs before the Court entered judgment on May 1, 2019 and does not warrant altering or amending the judgment. [Id.]. The Court agrees that the case law Plaintiffs present was available prior to the filing of their opposition brief and the Court's entry of judgment and does not constitute "newly discovered evidence" meriting reconsideration under Rule 59.

Second, Plaintiffs contend that the alleged constitutional violation they seek redress from is "independent from any and all state court judgments to date and so the Rooker-Feldman doctrine does not apply." [ECF No. 17 at 1]; see also [ECF No. 18 at 9 ("The question of law in Claim #1 alleges a constitutional violation entirely independent of any prior state court

4

decision."), 14 (stating that only a narrow portion of the Complaint "ran afoul of Rooker-Feldman")]. As Defendants ably articulate in response,

> According to Plaintiffs, the issue before this Court is whether the Defendants violated their constitutional rights by failing to expressly address if Mass. R. App. P. 4(a) superseded Mass. G. L. c. 239, § 5, in making their determination that Plaintiffs' notice of appeal from the [H]ousing [C]ourt to the Appeals Court was untimely. But, contrary to Plaintiffs' assertions, this Court cannot find that the Defendants violated Plaintiffs' constitutional rights . . . without also concluding that the Appeals Court erred in finding that the Plaintiffs' notice of appeal was untimely. . . . Plaintiffs' federal suit is therefore necessarily aimed at undoing the final state-court decision, which is barred by Rooker-Feldman.

[ECF No. 20 at 2–3 (citations omitted)]. Because Plaintiffs seek reversal of the Appeals Court's order dismissing their appeal as untimely, it was neither a manifest error of law nor manifestly unjust for the Court to dismiss the Complaint and deny any amendment as futile because any such claim is barred by the Rooker-Feldman doctrine. See Bauersachs, 2019 WL 1961077, at *2–3.

Furthermore, even if the Court had committed a manifest error of law in applying the Rooker-Feldman doctrine to bar Plaintiffs' claims, which it has not, that would not change the ultimate judgment because Defendants would be protected by judicial immunity. The First Circuit recently reaffirmed that "it is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019). "[A]bsolute judicial immunity means not just immunity from damages, but immunity from suit altogether." Id. at 617 n.10. Here, where Plaintiffs' claims are premised on the traditional adjudicatory functions of Defendants, who were acting in their capacities as a panel of Associate Justices of the Appeals Court, those claims are also barred by absolute judicial immunity.

5

## III. CONCLUSION

Accordingly, Plaintiffs' Rule 59(e) Motion [ECF No. 17] is <u>DENIED</u>.

**SO ORDERED.**

October 4, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE